# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 28, 2008

134350

MONA SHORES BOARD OF EDUCATION
and MONA SHORES PUBLIC SCHOOLS,
      Plaintiffs/Counter-Defendants-
      Appellants,

v

MONA SHORES TEACHERS EDUCATION
ASSOCIATION, MEA/NEA,
      Defendant/Counter-Plaintiff-
      Appellee.

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 134350
COA: 271592
Muskegon CC: 05-043998-CL

_____/

On order of the Court, the application for leave to appeal the May 24, 2007 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals for the reasons stated in the Court of Appeals dissenting opinion at pages 1-2. The plaintiffs have standing to seek declaratory relief concerning the validity of the early retirement provisions of the collective bargaining agreement under the standards articulated in *Nat'l Wildlife Federation v Cleveland Cliffs Iron Co*, 471 Mich 608, 614-615 (2004), and *Michigan Citizens for Water Conservation v Nestlé Waters North America, Inc*, 479 Mich 280, 295-296 (2007). We REMAND this case to the Court of Appeals for consideration of the remaining issues raised by the plaintiffs in that court.

We do not retain jurisdiction.

WEAVER, J., concurs and states as follows:

I concur in the order reversing the Court of Appeals judgment and remanding this case to the Court of Appeals for consideration of the plaintiffs' remaining issues, because I agree that the plaintiffs have standing to seek declaratory relief concerning the validity of the early retirement provisions of the collective bargaining agreement.

I write separately because I disagree with the application of the majority of four's (Chief Justice Taylor and Justices Corrigan, Young, and Markman) erroneously created standing test in *Lee v Macomb Co Bd of Comm'rs*,[1] *Nat'l Wildlife Federation v Cleveland Cliffs Iron Co*,[2] *Rohde v Ann Arbor Pub Schools*,[3] and *Michigan Citizens for Water Conservation v Nestlé Waters North America Inc*.[4] In those cases, the majority of four systematically dismantled Michigan's standing law and replaced years of precedent with its own test that denies Michigan citizens access to the courts.[5]

I would hold that the plaintiffs have standing under the pre-*Lee* prudential test for standing because the plaintiffs have demonstrated "that the plaintiff's substantial interest will be detrimentally affected in a manner different from the citizenry at large." *House Speaker v State Administrative Bd*, 441 Mich 547, 554 (1993).

KELLY, J., would grant leave to appeal.

---

[1] *Lee v Macomb Co Bd of Comm'rs*, 464 Mich 726 (2001).

[2] *Nat'l Wildlife Federation v Cleveland Cliffs Iron Co*, 471 Mich 608 (2004).

[3] *Rohde v Ann Arbor Pub Schools*, 479 Mich 336 (2007).

[4] *Michigan Citizens for Water Conservation v Nestlé Waters North America Inc*, 479 Mich 280 (2007).

[5] See my opinions chronicling the majority of four's assault on standing in *Lee*, 464 Mich at 742; *Nat'l Wildlife*, 471 Mich at 651; *Rohde*, 479 Mich at 366; and *Michigan Citizens*, 479 Mich at 310.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 28, 2008

Clerk

p0325